UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT                                         CIVIL ACTION

VERSUS

KEVIN JONES, ET AL.                          NO.: 16-00056-BAJ-RLB

## RULING AND ORDER

Before the Court is a motion for **Permanent Preliminary Injunction/TRO in Support of Plaintiff 42 U.S.C. § 1983 Under the PLRA Three Strikes Statute Exception**[1] **(Doc. 2)** filed by Plaintiff Derrick Scott ("Plaintiff"). An inmate at Louisiana State Penitentiary ("LSP"), Plaintiff, in short, seeks a temporary restraining order and a preliminary injunction against LSP employees Kevin Jones, Amanda Cruz, Jimmy Smith, and Unknown Slater (collectively, "Defendants"). For the reasons explained herein, Plaintiff's motion is **DENIED.**

## I.    TEMPORARY RESTRAINING ORDER

A party requesting the issuance of a temporary restraining order must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public

---

[1] [sic]

interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir. 1987); *see also* Fed. R. Civ. P. 65(b).

In the instant motion, Plaintiff asserts that "he has been subject to several physical attacks taken upon his body already" and alleges that "he [is] living in 'imminent' danger of more brutal physical attacks being taken upon his body as long as he continue [sic] to remain house [sic] at [Louisiana State Penitentiary]." (Doc. 2 at p. 8). Plaintiff repeats these general allegations throughout his six page motion, but fails to so much as assert that any of the above-mentioned elements are met.[2] Accordingly, Plaintiff's requested TRO is **DENIED.**

## II.   PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations and quotations omitted); *see also Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

To obtain a preliminary injunction, the plaintiff must establish the same four elements as that of a TRO. *Compare Clark*, 812 F.2d at 993 (listing the four elements necessary to grant a TRO), *with Walgreen Co. v. Hood,* 275 F.3d 475, 477 (5th Cir.

---

[2] Plaintiff's motion appears to conflate the "imminent danger of serious physical injury" exception to 28 U.S.C. 1915(g)'s "three strikes rule" with the second element necessary to obtain a TRO. *Compare* 28 U.S.C. 1915(g), *and Adepegba v. Hammons*, 101 F.3d 383, 385 (5th Cir. 1996), *with Clark*, 812 F.2d at 993.

2001) (listing the four elements necessary to grant a preliminary injunction). As the court previously held, *see supra* at pp 1-2, Plaintiff has failed to establish any of these elements. Therefore, Plaintiff's motion for preliminary injunction is **DENIED.**

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for **Permanent Preliminary Injunction/TRO in Support of Plaintiff 42 U.S.C. § 1983 Under the PLRA Three Strikes Statute Exception**[3] **(Doc. 2)** is **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is referred to the Magistrate Judge to determine whether Plaintiff's Complaint (Doc. 1) should be allowed to proceed pursuant 28 U.S.C. § 1915(g).

Baton Rouge, Louisiana, this ___4th___ day of February, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] [sic]